Case 4:22-cv-00501-A   Document 7   Filed 09/07/22   Page 1 of 11   PageID 40

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 7 2022

CLERK, U.S. DISTRICT COURT
By_____
   Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRYAN MONTALVO, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:22-CV-501-A |
| | § | (NO. 4:19-CR-160-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Bryan Montalvo, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:19-CR-160-A, and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On May 21, 2019, movant was named in a one-count information charging him with possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation

of 21 U.S.C. § 841(a)(1) and (b)(1)(B). CR Doc.[1] 17. On June 7, 2019, movant appeared before the court with the intent to enter a plea of guilty without benefit of a written plea agreement. CR Doc. 21. Movant and his attorney signed a waiver of indictment. CR Doc. 22. They also signed a factual resume setting forth the maximum penalties faced by movant, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 24. Movant testified under oath at arraignment that: He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; his term of imprisonment would be at least five years and could be as much as forty years; he understood the elements of the offense and he admitted that all of them existed; he had read and understood the information; he had read the factual resume and understood

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-160-A.

everything in it; he was satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR Doc. 49.

The probation officer prepared the PSR, which reflected that movant's base offense level was 34. CR Doc. 27, ¶ 23. He received two-level enhancements for possession of firearms and maintaining a drug premises. Id. ¶¶ 24, 25. He received a two-level and one-level reduction for acceptance of responsibility. Id. ¶¶ 31, 32. Based on a total offense level of 35 and a criminal history category of VI, movant's guideline imprisonment range was 292 to 365 months. Id. ¶ 94. Movant filed objections, CR Doc. 29, and the probation officer prepared an addendum to the PSR. CR Doc. 32.

On November 22, 2019, the court sentenced movant to a term of imprisonment of 292 months. CR Doc. 40. Movant appealed, CR Doc. 42, and his sentence was affirmed. United States v. Montalvo, 836 F. App'x 300 (5th Cir. 2020). His petition for writ of certiorari was denied. Montalvo v. United States, 141 S. Ct. 2742 (2021).

3

II.

Grounds of the Motion

Movant urges three grounds in support of his motion, all alleging that he received ineffective assistance of counsel. The first ground complains of the actions of counsel at the pretrial/plea stage; the second complains of actions of counsel during the sentencing stage; and, the third complains of the actions of counsel on appeal. Doc.[2] 1 at PageID[3] 4, 5, & 7.

III.

Applicable Legal Principles

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten numbers on the form used by movant are not the actual page numbers of the document.

4

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before

examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first ground, movant makes four allegations that essentially repeat the contention that his counsel failed to properly advise him that the court could reject the terms of his proffer and plea agreement and use

6

statements movant made to impose a higher than promised sentence. Doc. 1 at PageID 4. He does not allege any facts to explain what he means. His conclusory allegations are insufficient to raise a claim. Ross v. Estelle, 694 F.3d 1008, 1012 (5th Cir. 1983). For example, he vaguely refers to a "promised" sentence, but does not describe when, where, and by whom any promise was made, or identify any witness to the promise, as would be required to pursue such a claim. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

To the extent that movant may be claiming that his plea was not knowing, voluntary, or intelligent, such contention is belied by the record. CR Doc. 49. Movant has failed to present the court with anything that would cause the court to conclude that any aspect of this ground has the slightest merit. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Likewise, the documents he signed are entitled to the presumption. United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985).

A plea is not rendered involuntary because of an erroneous estimate by counsel of the length of sentence. Daniel v. Cockrell, 283 F.3d 697, 703 (5th Cir. 2002), abrogated on other grounds, Glover v. United States, 531 U.S. 198 (2005); Beckham

7

v. Wainwright, 639 F.2d 262, 265 (5th Cir. 1981). A prediction, prognosis, or statement of possibilities does not constitute an actual promise. Harmason v. Smith, 888 F.2d 1527, 1532 (5th Cir. 1989).

Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the arraignment hearing. To whatever extent movant might be suggesting that his attorney made any representation or promise to him as to the level of imprisonment that might be imposed on him, the testimony given by movant at his arraignment hearing is direct proof that no such thing occurred. Further, the record reflects that movant did not enter into a plea agreement. Rather, he signed a Proffer Interview Conditions document that was made part of the record. CR Doc. 49 at 33-34; CR Doc. 43. The document specifically apprised movant that the court could use information movant provided in determining whether, or to what extent, a downward departure was warranted. CR Doc. 43-1 at 1. As the court of appeals determined, the court properly used information provided by movant for the purpose of ruling on the

government's 5K1.1 motion. Montalvo, 836 F. App'x at 303-04. This ground is wholly without merit.

In support of his second ground, movant asserts that his counsel was ineffective during the sentencing phase of the proceedings. He refers to the failure to review "all legal and factual mitigating evidence" but does not describe specifically what counsel failed to review or how it would have made any difference in his sentence. He claims counsel should have objected to the government's "failure to file a 18 U.S.C 3553(c) motion," but does not explain what motion was required or why. He refers to the "over-representation of criminal history," again failing to explain what he means. Doc. 1 at PageID 5. Conclusory allegations fail to raise a constitutional issue. United States v. Demik, 489 F.3d 644, 646-47 (5th Cir. 2007); Miller, 200 F.3d at 282.

The only specific allegation about sentencing that movant does make is that his counsel failed to object to the enhancements for possession of a firearm and for maintaining a drug premises. Doc. 1 at PageID 5. However, movant is wrong. His attorney did file objections on his behalf regarding these two enhancements. CR Doc. 29.

Finally, in support of his third ground, movant alleges that his counsel provided ineffective assistance on appeal by

9

failing to properly consult him and by failing to appeal the two enhancements and the court's "upward departure." Doc. 1 at PageID 7. Again, movant does not allege enough specific facts to state a plausible claim regarded the failure to consult him. He does not explain what he was to be consulted about or how any such consultation would have affected the outcome. His conclusory allegations do not state a claim. Demik, 489 F.3d at 646-47; Miller, 200 F.3d at 282.

Counsel was not required to raise every nonfrivolous ground of appeal available. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). In this case, he chose to pursue the strongest argument available. That he did not prevail does not mean that he provided ineffective assistance. The record reflects that movant did not receive an upward departure. Rather, the court imposed a within-guideline sentence.

In sum, movant has not shown that he received ineffective assistance of counsel in any respect.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255

Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 7, 2022.

_____
JOHN McBRYDE
Senior United States District Judge